HORTON (UNITED STATES v.). See Cases Nos. 15,392 and 15,393.

# Case No. 6,711.

## In re HOSIE.

[7 N. B. R. (1873) 601; [1] 5 Leg. Op. 89.]

District Court, E. D. Michigan.

BANKRUPTCY OF BANKER HOLDING FUNDS FOR SPECIFIC PURPOSE.

A delivered to B, a banker, money to pay a certain note and mortgage as soon as they should be sent to him. B credited the money to A in his book and used it in his general business. About two days before the failure of B, the mortgage and note were sent to him, and while waiting for instructions how to remit the amount he failed. A petitioned the United States district court for an order directing the assignee to pay him this money, alleging it to have been in the hands of the bankrupt as his bailee or trustee at the time of the bankruptcy. Held, that this was, in reality, a claim for damages against B for not having retained and withheld the money from his general business, as a special deposit, and that there was no relief for the petitioner beyond taking his chances with the other creditors.

[Cited in Neely v. Rood, 54 Mich. 137, 19 N. W. 920; Edson v. Angell, 58 Mich. 337, 25 N. W. 307; Wisconsin Marine & Fire Ins. Co. Bank v. Manistee Salt & Lumber Co., 77 Mich. 81, 43 N. W. 907.]

Petition of James Morrison for an order directing the assignees to pay to him certain moneys alleged to have been in the hands of the bankrupt [Robert Hosie] as his bailee or trustee at the time of the bankruptcy.

LONGYEAR, District Judge. This is a hard case all around. Hosie, an honest, upright and thriving banker of this city, possessing the full confidence of the business public was suddenly plunged into insolvency, and obliged to go into bankruptcy, which he did voluntarily, by the disastrous failure of another for whom he was endorser to a large amount. About six weeks before his failure, and while he was still in active business, the petitioner, who had formerly kept a deposit account with Hosie, but had no open account with him at the time, delivered to Hosie eight hundred dollars in money to pay a certain note and mortgage owing

[1] [Reprinted from 7 N. B. R. 601, by permission.]

by the petitioner, so soon as the same should be sent to Hosie for that purpose, which the petitioner undertook to have done. It does not appear, by the petition, that anything was said between them whether Hosie should receive the money as a sort of special deposit, and hold the same as such while awaiting the arrival of the note and mortgage, and until paid over to the holder thereof, or whether the same should be placed to the credit of the petitioner on Hosie's books, and then the amount necessary to redeem the note and mortgage charged to the petitioner when the same should be paid. As a matter of fact, Hosie credited the money to the petitioner upon his books at the time it was delivered to him, and, of course, it entered into his general business; and it had not been accounted for in any manner at the time of the bankruptcy. About two days before Hosie's failure the note and mortgage were received by him but unaccompanied by any instructions as to how the proceeds were to be remitted, and while awaiting instructions the misfortune before mentioned befell him, and he immediately went into bankruptcy.

With this state of the facts, the court is now asked to decree that Hosie became a bailee for petitioner, of the eight hundred dollars, and that the same, or if the same identical money cannot be traced to the assignees, then an equal amount in money be paid over to the petitioner by the assignees. There is no allegation or charge in the petition that the same identical money came to the hands of the assignees, but, on the contrary, the assignees aver in their answer that such was not the case. If Hosie had not credited the amount to petitioner, and had retained and withheld it from his general business as a special deposit, or even with the credit, as a mere memorandum of the transaction, he had so retained and withheld it, there would be but little difficulty in the case, because then petitioner's claim would be for the specific money deposited by him, instead of being, as it is, a claim for the same amount as damages for Hosie's not having so retained and withheld it payable, of course, out of his general assets. I cannot see that it can make any difference whatever with petitioner's rights in the premises as against the estate, whether Hosie had or had not a right to credit the money to petitioner and use it as his own, and thus become petitioner's debtor, because the question of right to do as he did affects only the nature or character of the cause of action which accrued to petitioner on account of the act and Hosie's subsequent failure to pay over as agreed. In the one case the action would be ex contractu only, while in the other it would be either ex contractu or ex delicto, at the option of petitioner; in either of which, however, the recovery would be, not of the specific money deposited—that, of course, had become impossible—but general, and would, if bankruptcy had not intervened, have had to be collected out of Hosie's general property or assets. Such would have been the case if bankruptcy had not intervened, and it was exactly the condition of petitioner's rights in the premises at the time the bankruptcy did intervene. It certainly needs no argument to show that the intervening of the bankruptcy cannot have any effect to place petitioner in any better position as against the estate than what he occupied as against Hosie when the bankruptcy occurred. Neither does it need argument to show that in the bankruptcy claims ex contractu and claims ex delicto, not within any of the classes to which priority is given by the act, stand upon a perfect equality with each other, and with the debts of all the other creditors, so far as payment out of assets is concerned.

The equity powers of this court are invoked for the relief of the petitioner. But it is to be observed that equity never affords relief by disregarding or overriding well settled principles of law, but always acts in conformity to them so far as they constitute rules of decision. Especially is this the case where, as in the present case, the question is one of a purely legal character, and the case one in which petitioner had, as against the bankrupt, (and he can have no greater privilege as against his estate in bankruptcy), a full, complete and adequate remedy at law. As remarked in the outset, this is a hard case, but I cannot see that this court has the power legally to relieve the petitioner; or that there is any relief for him beyond taking his chances with the other creditors, among whom, I have no doubt, he will find many whose cases are even harder than his own. It results that the prayer of the petitioner must be denied.